IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| YOLANDA BOUYER-BELLO, | § | |
| | § | No. 44, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. K1908004533 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 21, 2021
Decided: April 26, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Yolanda Bouyer-Bello, filed this appeal from her sentencing for a violation of probation ("VOP").  The State has moved to affirm the judgment below on the ground that it is manifest on the face of Bouyer-Bello's opening brief that the appeal is without merit.  We agree and affirm.

(2)     On January 2, 2020, Bouyer-Bello pleaded guilty to misdemeanor theft and second-degree criminal trespass.  The Superior Court sentenced her as follows: for criminal trespass, to six months of imprisonment, suspended for one year of Level II probation; and for theft, to one year of imprisonment, suspended for one

year of Level II probation. On January 30, 2020, the Superior Court modified the sentence order to include substance abuse evaluation and monitoring by the Treatment Access Center ("TASC"). Bouyer-Bello did not appeal from either of the January 2020 sentencing orders.

(3)     On August 14, 2020, the Superior Court found Bouyer-Bello in violation of probation ("VOP"). The court sentenced her as follows: for criminal trespass, to six months of imprisonment, suspended for one year of Level III probation; and for theft, to one year of imprisonment, with credit for three days served, suspended for one year at Level IV DOC Discretion, followed by one year of a Level III intensive outpatient treatment program. She did not appeal from the August 14, 2020 sentencing order.

(4)     On January 7, 2021, a probation officer filed a VOP report alleging that Bouyer-Bello had violated the terms of her supervision by, among other things, cutting off her GPS ankle monitor. At a video VOP hearing on January 22, 2021, Bouyer-Bello's counsel stated that Bouyer-Bello admitted that she cut off her GPS ankle monitor.[1] Moreover, when Bouyer-Bello addressed the court, she herself admitted that she had cut off the ankle monitor.[2]

---

[1] Motion to Affirm, Exhibit F, at 2:16-17.
[2] *Id.* at 12:17.

(5)     The Superior Court found Bouyer-Bello in violation and sentenced her as follows:  for criminal trespass, to six months of imprisonment, suspended for one year of Level III probation; for theft, to eleven months and twenty-seven days of imprisonment, suspended after eight months for one year of Level III probation. Bouyer-Bello has appealed.

(6)     On appeal, Bouyer-Bello does not challenge the Superior Court's finding that she violated probation.  Instead, she challenges only the sentence imposed.  "It is well-established that appellate review of sentences is extremely limited."[3]  Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[4]  If the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[5]  When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[6]

(7)     In this case, the Superior Court imposed a VOP sentence that was within the time remaining on Bouyer-Bello's original sentence.  Thus, we find no

---

[3] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[4] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[5] *Kurzmann*, 903 A.2d at 714.
[6] 11 *Del. C.* § 4334(c).

reversible error with respect to the VOP sentence for the theft offense. But the State has acknowledged an error in the sentence that the Superior Court originally imposed for second-degree criminal trespass, and that error has carried through to the VOP sentence that is at issue in this appeal.

(8) Second-degree criminal trespass is an unclassified misdemeanor.[7] Title 11, Section 4206(c) of the Delaware Code provides that the "sentence for an unclassified misdemeanor shall be a definite sentence fixed by the court in accordance with the sentence specified in the law defining the offense."[8] If the statute defining the offense does not specify a sentence, then "the sentence may include up to 30 days incarceration at Level V and such fine up to $575, restitution or other conditions as the court deems appropriate."[9] The statute defining the offense of second-degree criminal trespass does not specify a sentence.[10] Under Section 4206(c), the maximum allowable term of incarceration for that offense was therefore thirty days, and the six-month sentence that the Superior Court imposed exceeded the statutory limit.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court, insofar as it pertains to the finding of the violation of probation, is

---

[7] 11 *Del. C.* § 822.
[8] *Id.* § 4206(c).
[9] *Id.*
[10] *Id.* § 822.

4

AFFIRMED. The matter is REMANDED to the Superior Court for the purpose of correcting the defendant's sentence. The motion to expedite is moot. Jurisdiction is not retained.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice